LIBERTY NATIONAL BANK OF NEW YORK, Respondent, *v.* WILLIAM A. PRIME, Appellant.

First Department, April 30, 1920.

Principal and agent — pleadings — complaint against alleged principal not stating cause of action — allegation showing that plaintiff was in fact agent for persons other than defendant.

A complaint which in substance alleges that the plaintiff received certain shares of stock from a bank in another State with a request to deliver it to a partnership in the city of New York on the payment of $10.000, and that on the presentation of said certificates the firm stated that it had already sold the certificates to the defendant to whom the plaintiff was requested to deliver them upon receiving $15,000 in payment by a certified check to the plaintiff's order, and that the plaintiff having delivered said certificates and received said certified check returned the same to the defendant at his request, upon his statement that he was entitled to the return thereof, and that the plaintiff accepted the return of the stock certificates, does not state a cause of action to recover the amount of a judgment rendered against the plaintiff in favor of the partnership, which

judgment the plaintiff paid, upon the theory that the plaintiff was an agent of the defendant. Under the allegations the plaintiff was in fact the agent of the bank in the first instance, and subsequently the agent of the firm which directed it to collect from the defendant, and upon receiving said check the plaintiff became liable to account therefor to its principals aforesaid, and in returning the same to the defendant violated the duty owed to its principals.

APPEAL by the defendant, William A. Prime, from two orders of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 21st day of October, 1919, the first granting plaintiff's motion for judgment on the pleadings and the second denying defendant's motion for judgment on the pleadings.

*Ira L. Anderson* of counsel [*Barker, Donahue, Anderson & Wylie*, attorneys], for the appellant.

*Joseph M. Hartfield* of counsel [*Robert Forsyth Little* with him on the brief; *White & Case*, attorneys], for the respondent.

PAGE, J.:

The pleadings consisted of an amended complaint and a demurrer upon the ground that the amended complaint did not state facts sufficient to constitute a cause of action. Briefly stated, the complaint states that the plaintiff received from the First National Bank of Parkersburg, W. Va., ten certificates for $100 each, of the capital stock of a certain corporation, with the request that plaintiff deliver said certificates of stock to Fay & Higgins in the city of New York, upon the payment by said firm to plaintiff of the sum of $10,000; that the plaintiff presented said certificates of stock at the office of said firm in New York city, and requested payment of $10,000, and that firm stated that it had sold said certificates to defendant, and requested plaintiff to deliver them to defendant upon receiving $15,000 payment from defendant by means of his certified check drawn to the order of plaintiff. Pursuant to this request plaintiff delivered to defendant said certificates of stock and received from defendant his certified check drawn to the order of plaintiff in the sum of $15,000. On the same day defendant requested plaintiff to return to him said certified check, and at the time of such request defendant stated to plaintiff that he was

entitled to the return thereof. Plaintiff, acting upon defendant's statement and request, the next day, as agent of defendant, returned said check to defendant and received said certificates of stock from the defendant. Thereafter, Fay & Higgins demanded of plaintiff that it pay over to them from the proceeds of defendant's certified check the sum of $5,000, and from said proceeds pay to the First National Bank of Parkersburg for account of Fay & Higgins the sum of $10,000; that thereafter Fay & Higgins brought an action in the Supreme Court, Kings county, against the plaintiff herein, and plaintiff defended said action, and upon the trial at the close of the whole case a verdict was directed against the plaintiff in the sum of $15,000, with interest and costs, and judgment was duly entered thereon, and by reason thereof plaintiff was forced to and did pay to Fay & Higgins the sum of $5,579.50, and that by reason of said action in the employment of counsel and other expenses and disbursements necessarily incurred, the plaintiff paid $1,695.08. Plaintiff has duly demanded that the defendant pay to it the sum of $7,274.58, with interest, and the plaintiff demands judgment for this sum against the defendant.

The learned judge at Special Term granted plaintiff's motion for judgment on the pleadings, upon the ground that the plaintiff, in returning the check and receiving back the stock, acted as the agent for the defendant, and where an agent acting for and in behalf of the principal has been compelled to pay damages and expenses in a lawsuit, that he is entitled to recover the same from his principal. In this case, however, the plaintiff was not the agent for the defendant. The allegation of the complaint that the plaintiff was the agent of the defendant is a conclusion drawn from the allegations of fact. A demurrer does not admit conclusions drawn by the pleader, but only admits the truth of the facts as stated. It is very evident that the plaintiff, when it received the stock with a request to deliver the same to Fay & Higgins and receive from them $10,000, and in pursuance of such request presented the stock to Fay & Higgins, was acting as agent for the First National Bank of Parkersburg, W. Va. When in turn Fay & Higgins requested it to deliver the stock to the defendant and receive from him $15,000, plaintiff

was acting as the agent of Fay & Higgins, and on receiving the check was accountable to Fay & Higgins for $5,000 thereof and to the First National Bank of Parkersburg for $10,000; and when it returned the check to the defendant and received back the stock, the plaintiff violated the duty that it owed to its principals.

There is absolutely nothing in the facts stated that would tend to support the claim that plaintiff in any way, shape or manner was acting as the agent for the defendant. The only case that the counsel for the respondent cited as an authority for the proposition that the plaintiff was the agent of the defendant is the case of *Curtis* v. *Innerarity* (6 How. [U. S.] 146). In that case there was a dispute between the mortgagee and mortgagors as to the amount due on the mortgage. The mortgagee sent one Blount to the mortgagors to demand payment, and authorized him to receive any sum that the mortgagors would pay, the same to be credited on account of the principal. Blount received about $13,000 and gave the mortgagor a release. The mortgagee refused to accept this sum and immediately notified the mortgagors that he declined to receive the same and repudiated the entire transaction. Various actions were brought which were consolidated. Blount deposited the money in a bank of which he was president, and thereafter both Blount and the bank became insolvent. The court said: " Blount's power of attorney was a bare authority to receive money on account of the mortgage then in litigation, if the appellants chose to pay him any, leaving all the questions in dispute between the parties open to future adjustment. But the mortgagors refuse to pay him money on the conditions on which he was authorized to receive it, and give a valid acquittance. On the contrary, the money given to Blount is on their own terms, and in consideration of a settlement, arrangement, and release, which they knew, or ought to have known, Blount had no authority to make. The money paid, the bond given, the receipt taken, discharging them from the balance claimed on the bill of exchange and from one half of the last installment, constitute one transaction. Having advanced the money on their own terms and conditions, and not on those tendered by Innerarity, they put him into a situation in which he

must either affirm or repudiate the whole transaction. For if he accepted the money, they might insist that he could not reject the consideration on which it was given, on the familiar principle of the law, ' that the principal cannot ratify a transaction of his agent in part, and repudiate it as to the rest.' (Story on Agency, § 250.) Besides, by thus undertaking to enter into a treaty with Blount which they knew could not be binding without the assent of Innerarity, they in fact constituted Blount their ambassador or agent to obtain its confirmation. They had a perfect right to refuse to pay money on the terms dictated by Innerarity in his letter of attorney; and Innerarity had an equal right to refuse it on their terms."

That case is clearly distinguishable from the case under consideration. In this case there was no proposition by the defendant to pay any sum upon condition. The transaction was simply a payment to the agent of the exact sum, and upon the exact conditions imposed by the principal; that is, that upon delivery of the stock the certified check of $15,000 was to be delivered.

The plaintiff's sole duty was to pay over the money collected from the defendant to its principals, and in transmitting the money it would still be acting as the agent of those entitled to the money and not as agent of the defendant.

The orders appealed from should, therefore, be reversed, with ten dollars costs and disbursements in each motion to the defendant, and the plaintiff's motion for judgment on the pleadings denied, with ten dollars costs, and the defendant's motion for judgment on the pleadings granted, and the demurrer to the complaint sustained and the complaint dismissed, with costs.

CLARKE, P. J., DOWLING, SMITH and GREENBAUM, JJ., concur.

Orders reversed, with ten dollars costs and disbursements in each motion, plaintiff's motion denied, with ten dollars costs, and defendant's motion granted, demurrer sustained and complaint dismissed, with costs.